MRS. CARMEN EUDY ROTH, Widow, GAYNELLE HELMS, Minor Step-
child of JOHN D. ROTH, Deceased, Employee, v. McCORD & DELLIN-
GER, Insured by BITUMINOUS CASUALTY CORPORATION, and/or
CENTRAL MOTOR LINES, INC., Insured by TRAVELERS INSURANCE
COMPANY.

(Filed 22 November, 1950.)

**1. Master and Servant § 39f—**

Where a truck belonging to one holding no franchise as a common car-
rier is leased to a holder of a franchise as a common carrier in interstate
commerce, the driver of the truck, even though furnished by the lessor,
must be deemed an employee of the franchise holder while making a trip
in interstate commerce, both by reason of statutory provisions and also
by reason of the lease agreement when the lease specifically provides that
the driver should be under the exclusive control and direction of the lessee.

**2. Master and Servant § 39b—**

The driver of a truck leased to an interstate common carrier cannot be
held an independent contractor when the lease agreement under which he
performs his duties gives the lessee specific supervision, control and direc-
tion in the performance of the work.

**3. Master and Servant § 39f—**

Where the holder of a franchise in interstate commerce leases the tractor
of a nonfranchise holder for an interstate shipment upon an agreement
which stipulates that lessor should carry workmen's compensation insur-
ance, those entitled to recover under the Workmen's Compensation Act for
fatal injury to the driver on such trip are not bound by the lease provision
as to carriage of workmen's compensation, but are entitled to recover from
the lessee employer.

APPEAL by plaintiffs and by defendants Central Motor Lines, Inc., and
Travelers Insurance Company from *Palton, Special Judge,* September
Extra Term, 1950, MECKLENBURG.    Affirmed.

Claim for death benefit compensation under the Workmen's Compensa-
tion Act, prosecuted by the widow and child of John D. Roth, the deceased
employee.

The defendants McCord and Dellinger, hereinafter referred to as
McCord, own a tractor which they leased to Central Motor Lines, herein-
after referred to as Motor Lines.   They also employed Roth, the deceased,
to operate the tractor.

The Motor Lines is, but McCord is not, a common carrier of freight
under franchise from the Interstate Commerce Commission within the
area involved.

In 1949 (prior to Roth's death) McCord leased the tractor to the
Motor Lines and furnished Roth as driver.   On 22 September 1949, the
tractor was attached to a trailer belonging to the Motor Lines and was

being used on a trip from Charlotte, N. C., to Lodi, N. J., with a cargo of Cannon Mills products being transported by the Motor Lines under its Interstate Commerce Commission franchise. The Motor Lines' Interstate Commerce Commission identification plate was attached to the vehicle and Roth was operating the same. The truck and trailer ran off the side of a bridge near Clover, Va., and Roth was killed.

The lease agreement between McCord and the Motor Lines provides in part:

1. The lessor (McCord) shall furnish such drivers and helpers as may be required by the lessee for the proper operation of the vehicles demised, to be obtained by him as the agent of the Motor Lines.

2. The possession and control of the vehicle leased is vested exclusively in the Motor Lines while in its service and the lessee Motor Lines shall have "exclusive supervision and control over the operation of same and over said drivers and helpers," and that while said vehicle is in the service of the lessee, it shall "be operated by drivers exclusively under the direction and control of the Lessee and who shall be exclusively the servants of the Lessee . . . the said Lessee shall have the right to discharge, remove and replace said driver as well as the right to direct the manner in which the same (*sic*) driver shall perform his duties, the routes and efficient operation of said vehicle." The right of the lessee to control the driver as to the manner of operation, routes, time, the keeping of logs and other records, and the like is spelled out with particularity.

3. While the vehicle and driver are not in the service of the lessee, they may be used in the business of the lessor.

4. Insurance shall be maintained and kept in force as follows: By the lessee—public liability, property damage, and cargo insurance in the name of the lessee; by the lessor—workmen's compensation insurance and insurance to cover loss by fire, theft, or collision in the name of the lessor.

The Commission found that Roth, at the time of his injury and death, was an employee of the Motor Lines within the meaning of the Workmen's Compensation Act and made an award against it and its insurance carrier. They appealed to the Superior Court. The court below affirmed, and the Motor Lines and its insurance carrier appealed. The plaintiffs also appealed.

*M. K. Harrill and Smathers & Carpenter for plaintiff appellant.*

*Pierce and Blakeney for defendants McCord & Dellinger and Bituminous Casualty Corporation.*

*B. Irvin Boyle for defendants Central Motor Lines, Inc., and The Travelers Insurance Company.*

BARNHILL, J.　There is no contest as to the right of plaintiffs to death benefit compensation under the Workmen's Compensation Act.　G.S. 97-38, *et seq.*　The controversy is as to which group of defendants is liable therefor.　As to this there is no valid ground for debate.　The judgment entered must be affirmed for two reasons:

(1) Roth, at the time of his injury and death, was operating a vehicle being used by the Motor Lines to haul freight in the course of its business as a common carrier under franchise from the Interstate Commerce Commission.　The vehicle was being operated under its identification plate.　"The operation of the truck was in law under the supervision and control of the interstate franchise carrier and could be lawfully operated only by those standing in the relationship of employees to the authorized carrier."　*Brown v. Truck Lines,* 227 N.C. 299, 42 S.E. 2d 71.

(2) It is stipulated in the lease contract that while they are in the service of the Motor Lines, the vehicle and its driver shall be under the exclusive supervision, control, and direction of the lessee.　The all-inclusive extent of this right of control is spelled out in the lease in detail. As the Motor Lines has contracted, so is it bound.

In determining whether Roth was an independent contractor or an employee of the Motor Lines, "the vital test is to be found in the fact that the employer has or has not retained the right of control or superintendence over the contractor or employee as to details."　". . . the retention by the employer of the right to control and direct the manner in which the details of the work are to be executed and what the laborers shall do as the work progresses is decisive, and when this appears it is universally held that the relationship of master and servant or employer and employee is created."　*Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137; *Brown v. Truck Lines, supra.*

It is true that McCord contracted to carry workmen's compensation insurance, but Roth was not a party to that contract and his dependents are not bound by its terms.　Furthermore, Roth was at liberty to work for McCord when not actually engaged by the Motor Lines, and the McCord firm was subject to the Workmen's Compensation Act.

Whether the stipulations in the contract vest in the Motor Lines the right to recover over against McCord the amounts expended by reason of the judgment herein, we need not now say.　That question must be presented, if presented at all, to another court in another action.

The plaintiffs' appeal was precautionary.　They are entitled to recover from either one or the other group of defendants.　They wish to protect their rights in this respect in the event the Court concludes the Motor Lines and its insurance carrier are not liable.　Their appeal is dismissed and they will be taxed with the costs of their brief.

As to the Motor Lines and its insurance carrier, the judgment entered is Affirmed.