JOHN JACOB PETERSON v. McLEAN TRUCKING COMPANY.

(Filed 21 May, 1958.)

**Automobiles § 54a:     Master and Servant § 41—**

Under the terms of the contract in question, lessor was to provide personnel and equipment for trips authorized by lessee's franchise, the drivers to be under complete control of the lessee's supervisor and the vehicles to be marked with lessee's identification on such trips. Plaintiff, an employee of lessee, was injured on a trip under lessee's franchise. The driver was paid by lessor, but lessee was required by the contract to reimburse lessor for his wages. *Held:* The driver, on the trip in question, was an employee of lessee, and plaintiff, having recovered compensation of lessee under the Workmen's Compensation Act, may not maintain an action against lessor at common law as a third person tort feasor.

APPEAL by plaintiff from *Preyer, J.*, First Week of September 23, 1957 Term of FORSYTH.

Civil action to recover for personal injury and property damage as result of alleged negligence of one Richard Dewey Brower, 11 August, 1955, in operation of a tractor-trailer in which plaintiff was riding, on Virginia State Highway 100, approximately five miles south of Pulaski, Virginia,—he, the said Brower, being at the time an alleged employee of defendant,—allegedly driving said tractor-trailer under the supervision, direction and control of defendant—in manner stated.

Defendant, in answer filed, denies in material aspect the allegations of the complaint.

And for further answer sets up three further defenses.

Plaintiff replies.

After the pleadings were filed the parties made stipulations of fact. And thereupon defendant moved that the action be dismissed for that the admissions set forth in the pleadings and in the stipulations show:

1. * * * "That the allegedly negligent driver stood in no such relationship to defendant as to make the doctrine of *respondeat superior* applicable."

2. * * * "that the present action is barred by the provisions of Chapter 97 of the General Statutes of North Carolina, being the Workmen's Compensation Act, and in particular Sections G.S. 97-9 and 97-10 thereof for that" (a) "the allegedly negligent driver falls within the class granted immunity from common law actions such as this" * * * and (b) "defendant clearly falls within the class granted immunity from common law actions such as this";

3. * * * that "no issue based upon the doctrine of *respondeat superior*" is left "to be submitted to the jury for that it is established as a matter of law that defendant cannot be held liable for the negligent acts set forth in the complaint";

And 4. For that under the admission so stated "no cause of action exists against defendant."

The stipulations of the parties are substantially these:

At the time of the injury in question the plaintiff was riding in a tractor-trailer unit leased from defendant by Carolina Motor Express Lines, Inc., hereinafter referred to as CMX, and driven by one Richard Dewey Brower. Plaintiff was the head driver of the unit and Brower was his assistant.

Plaintiff was employed by CMX, a bankrupt corporation in receivership with Earl R. Cox as Receiver.

Defendant, hereinafter referred to as McLean, is a North Carolina corporation which has a contract with Earl Cox as Receiver, whereby the Receiver "agrees to employ McLean Trucking Company to manage

the properties and operations of Carolina Motor Express Lines, Inc.," in consideration of $1,000 per month.

Under the terms of the working agreement between the two corporations, McLean was to provide personnel and equipment for CMX operations. All drivers for CMX were originally trained by McLean but separate seniority lists for the drivers were maintained and, once trained, the CMX drivers were under complete supervision of a CMX supervisor; whereas McLean drivers were under direction and control of a McLean supervisor. When the employment of a driver was transferred from one corporation to the other, he was placed at the bottom of the seniority list. CMX business records, personnel files, payrolls, tax records, equipment, and certain of its employees were maintained separately from those of McLean. CMX and McLean operated under separate franchises issued by the Interstate Commerce Commission and McLean had no authority to operate over the route assigned to CMX. At the time of the accident the unit was being operated under CMX franchise and was so marked.

Plaintiff was originally a driver for McLean, but had been transferred to CMX approximately one year prior to the accident. And as to employment status of Brower at the time of the accident, it is stipulated that "on August 1, Brower requested through the McLean supervisor that he be transferred to CMX. Brower was told that the request would be taken up with the supervisor of drivers for CMX. Thereafter, on or about August 2, 1955, Brower was assigned to trips by the CMX supervisor, and he had made two or three trips for CMX as an assistant driver prior to the date of the accident. Brower was never notified that he was a permanent employee of CMX." The accident occurred August 11, 1955, after plaintiff and Brower had been operating the unit together on the CMX route since August 7, 1955. "During all of these trips beginning August 7, 1955, both Brower and Peterson were acting in accordance with instructions of the CMX supervisor."

Plaintiff was on the payroll of CMX and Brower was on the payroll of McLean; but "McLean charged the entire amount disbursed to or for Brower on account of said trips to special accounts set up and maintained to set apart all expenses incurred in CMX operations in accordance with usual practices. The amount so disbursed to Brower by McLean was reimbursed to McLean by CMX."

Under a lease agreement between CMX and McLean, McLean agreed to lease certain trucks and equipment to CMX, the possession and control of which was to be vested exclusively in CMX. And it was to furnish all services and supplies necessary to operate the property, including "all wages and charges against wages for all persons concerned in operation, maintenance, direction, or otherwise concerned

with said property" and "any and all losses and expenses arising from the method or manner of the operation and maintenance of said property by the lessee."

Plaintiff has applied for and received benefits under the Workmen's Compensation Act through CMX, and now sues McLean at common law.

The determinative question, therefore, as stated by appellee, is: Whose employee was Brower at the time he injured plaintiff?

The cause heard, out of term, with the consent of the parties, and upon the pleadings and stipulations made, and upon said motion by defendant, the trial court being of opinion that "plaintiff has no cause of action or remedy at common law against the defendant" so adjudged, and dismissed the action at the cost to plaintiff.

Plaintiff excepted to the entering of the judgment, and appeals to Supreme Court and assigns error.

*Clyde C. Randolph, Jr., Robert L. Styers for plaintiff, appellant.*
*Spry, White & Hamrick, Deal, Hutchins & Minor for defendant, appellee.*

WINBORNE, C. J.: Plaintiff, the appellant, states in his brief filed on this appeal that matters relating to proof of negligence and damages are not presented for review, but that "the question is simply this: Do the admitted facts bar the plaintiff's action as a matter of law?" The answer is "Yes". For, basically, on this question there arises, as stated by defendants appellees, the question as to "whose employee was Brower at the time he injured plaintiff?" The admitted facts shown in the record of case on appeal respond "CMX".

The answers to these questions are found in the opinions of this Court in the cases of: *Wood v. Miller*, 226 N.C. 567, 39 S.E. 2d 608; *Brown v. Truck Lines*, 227 N.C. 65, 40 S.E. 2d 476; *Roth v. McCord*, 232 N.C. 678, 62 S.E. 2d 64. See also *McGill v. Freight*, 245 N.C. 469, 96 S.E. 2d 438.

All these involved agreements are strikingly similar to the agreement here in hand: (1) Whereby lessor-owner leased truck and drivers to lessee; (2) Provisions whereby lessee took complete control of truck for the particular trip involved; (3) Stipulation that the lessee would attach its identification mark on the truck, and (4) specifying the above with particularity.

Indeed, as stated in *Wood v. Miller, supra*: "The relationship between the driver of the truck and the defendant is determinable, in the main, from the terms of the trip lease agreement. This is a question of law under applicable principles of law." And the Court then goes on to say: "It is generally held that the relationship of master

and servant is created when the employer retains the right to control and direct the manner in which the details of the work are to be executed and what the laborer shall do as the work progresses," citing and quoting from opinion in *Hayes v. Elon College*, 224 N.C. 11, 29 S.E. 2d 137.

In the light of these applicable principles, the admitted facts point unerringly to the conclusion that CMX, the lessee, expressly assumed direction and control of the operation of the truck in question for the duration of the term of the lease. And while it is true that McLean was to pay Brower, it appears that it was to be reimbursed therefor by CMX. Such an arrangement does not nullify the legal effect of the action of CMX in assuming the control and direction of the operation of the truck and responsibility to the public for its operation. See *Shapiro v. Winston-Salem*, 212 N.C. 751, 194 S.E. 479; also *Wood v. Miller, supra*.

For reasons stated the judgment from which appeal is taken is
Affirmed.