## DOYLE REX HOWARD v. CONCETTA P. SASSO.

### (Filed 12 October, 1960.)

**1. Process § 15—**

   Upon the hearing of a motion to dismiss on the ground that the court acquired no jurisdiction over defendant by service of process under G.S. 1-105, the findings of fact of the court are conclusive if supported by competent evidence.

**2. Same: Automobile § 54f—**

   The rule of evidence created by G.S. 20-71.1 that proof of ownership of a vehicle makes out a *prima facie* case of agency applies whenever a factual determination as to alleged agency is to be made, and therefore that statute is applicable in the determination by the court of the crucial question of agency on the hearing of a nonresident's motion to dismiss on the ground that service of process under the provisions of G.S. 1-105 was ineffectual, and the proof of ownership is sufficient to support, but not compel, a finding in plaintiff's favor as to the validity of the service.

APPEAL by defendant from *Bundy, J.,* August Civil Term, 1960, of NEW HANOVER.

Plaintiff's action is for damages allegedly caused by the negligent operation by James Joseph Coady of a 1957 Ford automobile owned by defendant and bearing 1960 N. Y. License (Registration) number IH-4024. Plaintiff alleged that Coady, on the occasion of the collision, "was acting as the agent, servant, and employee" of defendant, "in the furtherance of the business and interests" of defendant, and "in the course and scope" of his employment by defendant.

Service of process was made on defendant, a resident of the State of New York, in compliance with the procedural requirements prescribed by G.S. 1-105. Defendant, under special appearance, moved to dismiss "for that the Court has not in this action properly acquired jurisdiction over the person of this defendant," setting forth with particularity the grounds on which she based said motion.

At the hearing of said motion, plaintiff offered his verified complaint and defendant offered her affidavit and the affidavit of Corporal Samuel A. Sasso, defendant's son.

Defendant's evidence, in substance, was as follows: Defendant is the registered owner of the 1957 Ford operated by Coady on the occasion (March 4, 1960) of the collision. Defendant does not know Coady. Coady was not operating the 1957 Ford for or on behalf of defendant. Corporal Sasso, stationed with the United States Marine Corps at Camp Lejeune, North Carolina, had possession of the 1957 Ford. Corporal Sasso allowed Pfc. Gary K. Foster, also stationed at Camp Lejeune, to have possession of the 1957 Ford and to use it during Sasso's absence from said military base. In the absence of Corporal Sasso, and in violation of specific instructions that no one except Foster was to drive it in Sasso's absence, Foster permitted Coady to operate the 1957 Ford. While operated by Coady on March 4, 1960, the 1957 Ford was involved in the collision.

The court made findings of fact. Finding of fact #3, the only factual finding in controversy, is as follows:

"3. That the said James J. Coady was operating the automobile of the defendant, Concetta Phyllis Sasso, at the time and place of the collision giving rise to this action, for the said Concetta Phyllis Sasso, or under the control or direction, express or implied, of the defendant, Concetta Phyllis Sasso."

The court, based on said findings of fact, entered an order denying defendant's said motion. Defendant excepted and appealed.

*Poisson, Marshall, Barnhill & Williams for plaintiff, appellee.*
*Teague, Johnson & Patterson for defendant appellant.*

BOBBITT, J. Process may be served upon a nonresident in the manner prescribed by G.S. 1-105 in any action against him "growing out of any accident or collision in which said nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on such public highway of this State, or at any other place in this State."

Finding of fact #3 is conclusive on appeal if supported by compe-

tent evidence. *Ewing v. Thompson*, 233 N.C. 564, 65 S.E. 2d 17, and cases cited; *Hart v. Coach Co.*, 241 N.C. 389, 85 S.E. 2d 319.

Since plaintiff relies solely on the (admitted) fact that defendant was the registered owner of the 1957 Ford, decision turns upon the answer to this question: Is G.S. 20-71.1 applicable in the determination by the court of the crucial question of fact, namely, whether the 1957 Ford at the time of the collision was operated for defendant or under her control or direction?

"The statute (G.S. 20-71.1) was designed to create a rule of evidence. Its purpose is to establish a ready means of proving agency in any case where it is charged that the negligence of a nonowner operator causes damage to the property or injury to the person of another. *Travis v. Duckworth*, 237 N.C. 471, 75 S.E. 2d 309. It does not have, and was not intended to have, any other or further force or effect." *Hartley v. Smith*, 239 N.C. 170, 177, 79 S.E. 2d 767.

G.S. 20-71.1 applies when, as in this case, the plaintiff, upon sufficient allegations, seeks to hold the owner liable for the negligence of a nonowner operator under the doctrine of *respondeat superior*. *Osborne v. Gilreath*, 241 N.C. 685, 86 S.E. 2d 462, and cases cited. It is well settled that, upon the defendant's denial of such allegations, "proof or admission of ownership by the defendant of the motor vehicle involved in an accident is sufficient to make out a *prima facie* case of agency which will support, but not compel, a verdict against the owner under the doctrine of *respondeat superior* for damages proximately caused by the negligence of the nonowner operator of the motor vehicle." *Lynn v. Clark*, 252 N.C. 289, 292, 113 S.E. 2d 427, and cases cited; *Whiteside v. McCarson*, 250 N.C. 673, 110 S.E. 2d 295, and cases cited.

Defendant contends G.S. 20-71.1 applies only in the determination by a jury of an issue of agency raised by the pleadings in an action of which the court has jurisdiction. But nothing in the statute purports to so restrict the application of its provisions. The statute applies "(i)n all actions to recover damages for injury to the person or to property or for the death of a person, arising out of an accident or a collision involving a motor vehicle, . . ." We are of the opinion, and so hold, that the rule of evidence established thereby applies *whenever a factual determination as to alleged agency is to be made,* whether by the court to resolve a question of fact or by a jury to resolve an issue of fact.

To sustain service of process under G.S. 1-105, there must be a finding to the effect that the owner's motor vehicle, on the occasion of the collision, was being operated "for him, or under his control

or direction." Under G.S. 20-71.1, proof of ownership is *prima facie* evidence "that such motor vehicle was then being operated by and under the control of the person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment." *Hartley v. Smith, supra; Jyachosky v. Wensil,* 240 N.C. 217, 81 S.E. 2d 644. Despite differences in the wording of the quoted provisions of the two statutes, the essential meaning is the same. G.S. 1-105 requires an affirmative finding as to agency and G.S. 20-71.1 establishes the rule that proof of ownership is *prima facie* evidence of such agency. While the plaintiff in *Pressley v. Turner,* 249 N.C. 102, 105 S.E. 2d 289, did not rely upon G.S. 20-71.1, it is noteworthy that service of process under G.S. 1-105 was sustained on findings of fact phrased in terms of alleged agency rather than in the language (quoted above) of G.S. 1-105.

In view of our conclusion that G.S. 20-71.1 is applicable in the determination by the court of the crucial question of fact, it follows that the (admitted) fact that defendant was the registered owner of the 1957 Ford was sufficient to support, but not to compel, a finding in plaintiff's favor as to the alleged agency. The credibility of the evidence (affidavits) offered by defendant was for consideration and determination by the court.

It is noted: The court's factual findings, made solely as the basis for decision as to the validity of service of process, are not for consideration in any manner in the determination by a jury at trial of issues raised by the pleadings. *Winborne v. Stokes,* 238 N.C. 414, 78 S.E. 2d 171.

Affirmed.