JAMES L. SUGGS, EMPLOYEE v. WILLIAMSON TRUCK LINES, EMPLOYER; BITUMINOUS CASUALTY CORP., CARRIER AND MERCURY MOTOR EXPRESS, INC., EMPLOYER; AMERICAN FIDELITY & CASUALTY CO., CARRIER.

(Filed 12 October, 1960.)

**1. Master and Servant § 93—**

Where on appeal to the Superior Court from Industrial Commission appellant concedes that the findings of the Commission are supported by evidence but contends that the conclusions of law are not supported by the findings, appellant's exceptions amount to no more than an exception to the judgment, presenting only whether the facts found support the judgment and whether error of law appears on the face of the record.

**2. Master and Servant § 83— Industrial Commission has no jurisdiction where employee is nonresident, or contract is not made here, or employer has no place of business here.**

Where the lease of a vehicle, with a driver to be furnished by lessor, for a trip in interstate commerce under lessee's franchise, is executed in another state and the lessee is a foreign corporation not employing as many as five employees in this State, the North Carolina Industrial Commission has no jurisdiction of a claim of the driver for compensation arising out of an accident occurring in another state, even though the driver be a resident of this State, since there must be a concurrence of all three of the requisites that the contract of employment be made in this State, that the employer maintain a place of business in this State, and that the residence of the employee be in this State, in order for the Industrial Commission to have jurisdiction. G.S. 97-36.

**3. Master and Servant § 47— Driver held employee of lessee and not lessor of vehicle for trip in interstate commerce.**

Where in a lease of a motor vehicle for a trip in interstate commerce under the lessee's franchise and license plates, the lessee assumes full responsibility for the operation of the vehicle and retains direction and control of the driver in regard to the route, time of departure from termini, etc., and the lessor retains no control over the driver during the trip, the driver is an employee of the lessee and not the lessor, and the lessor is not liable for compensation under the Workman's Compensation Act for injuries received by the driver in the course of his employment, notwithstanding that the lessor agreed to save lessee harmless from any loss resulting from the death or injury of the driver or his negligence or dishonesty, and agrees to pay all state and federal taxes and Workmen's Compensation insurance, and the fact that the Industrial Commission has no jurisdiction over lessee does not affect this result.

APPEAL by plaintiff from *Parker, J.,* June Civil Term, 1960, of WILSON.

Claim for compensation under the provisions of our Workmen's Compensation Act.

Mercury Motor Express, Inc., a Florida corporation at the time herein involved, was a common carrier operating under an Interstate Commerce Commission franchise. Williamson Truck Lines held no such franchise.

It was stipulated at the hearing before the deputy commissioner (1) that at the time of the alleged accident giving rise to this claim, Williamson Truck Lines was subject to and bound by the provisions of our Workman's Compensation Act. (2) That at such time, Bituminous Casualty Corporation was the compensation insurance carrier on the risk for Williamson Truck Lines. (3) That at such time, American Fidelity and Casualty Company was the compensation insurance carrier on the risk for Mercury Motor Express, Inc. (4) That the date of the alleged injury by accident giving rise to this claim was 21 September 1959.

The deputy commissioner found the following pertinent facts:

"1. In September 1959 Herbert Jones, hereinafter called Jones, was truck driver for Williamson Truck Lines, hereinafter called Williamson. Jones owned a tractor and trailer unit which he had leased to Williamson, and which he drove for Williamson.

"2. On 18 September 1959 Jones, as an agent for Williamson, entered into a trip lease agreement with Mercury Motor Express, Inc., hereinafter called Mercury, a Florida Corporation. Under the terms of the agreement Williamson leased to Mercury the tractor-trailer unit which Jones was driving. The unit was to be used in transport-

ing property from Elizabeth, New Jersey, to Orlando, Florida, via Goldsboro, North Carolina, and Columbia, South Carolina, where the load on the trailer was to be reworked.

"3. Under the terms of the agreement Mercury agreed, among other things, that the tractor-trailer unit would be used exclusively on routes over which it was authorized by law to operate, and between points that it was authorized by law to serve; that such tractor-trailer unit would be used exclusively to transport commodities which Mercury was authorized to transport; that during the term of the agreement Mercury would assume, as a common carrier, responsibility for loss or damage to the cargo transported; that during the term of the agreement Mercury would assume full responsibility for the operation of the motor vehicle; and that Mercury would pay a fixed sum as rental for the unit.

"4. Under the terms of the agreement Williamson agreed, among other things, to furnish employees who were properly qualified as drivers under I. C. C. rules, and to pay all State and Federal taxes and Workmen's Compensation Insurance, including proper licenses, assessments, fines, or taxes; to indemnify Mercury against loss resulting from the injury or death of the drivers and against loss resulting from the negligence, incompetence, or dishonesty of the employees; and to comply with all traffic laws and speed limits applicable while operating under the lease.

"5. After executing the trip lease agreement, Jones left Elizabeth, New Jersey, on 19 September 1959, driving the leased tractor-trailer unit. At approximately 2:30 a.m. on the following day Jones arrived at Wilson, North Carolina. Jones was not feeling well. He therefore called plaintiff and asked plaintiff to complete the trip for him which plaintiff agreed to do. Jones explained the lease and the trip to plaintiff and told plaintiff which route to take and to punch a Mercury time clock at Golsboro. Plaintiff thereafter left Wilson driving the Mercury leased tractor-trailer. Such tractor-trailer unit was being driven under the direction and control of Mercury, with Mercury I. C. C. plates attached to the rig. Williamson had no control or supervision over Jones or the plaintiff during the course of the lease trip from Elizabeth, New Jersey, to Orlando, Florida, other than in the lease agreement.

"6. Plaintiff drove the tractor-trailer unit to Columbia, South Carolina, via Goldsboro, North Carolina. At the Mercury terminal in Columbia, South Carolina, plaintiff signed the Mercury lease agreement, received $50.00 advance for expenses, and was held at Colum-

bia by Mercury until 5:30 p.m., at which time he left Columbia for Orlando, traveling on a route specified by Mercury. * * *

"7. * * *

"8. At approximately 1:15 a.m. on 21 September 1959 while driving the Mercury leased tractor-trailer unit between Columbia, South Carolina, and Orlando, Florida, and at a point approximately seventeen miles north of Darien, Georgia, plaintiff was involved in a motor vehicle collision with the tractor-trailer.

"9. Plaintiff sustained, as described above, an injury by accident arising out of and in the course of his employment with Mercury.

"10. Mercury did not regularly employ five or more persons in the same business or establishment in North Carolina at the time of the injury by accident giving rise hereto, and was not subject to or bound by the provisions of the North Carolina Workman's Act."

Based on the foregoing findings of fact, the deputy commissioner concluded as a matter of law (1) that at the time of the injury by accident giving rise to this claim the employer-employee relationship existed between the plaintiff and Mercury Motor Express, Inc.; that no such relationship existed at that time between plaintiff and Williamson Truck Lines. (2) That Mercury Motor Express, Inc., did not regularly employ five or more persons in the same business or establishment in North Carolina at the time of the injury by accident giving rise to the claim herein, and such employer was not subject to or bound by the provisions of the North Carolina Workman's Compensation Act; that the North Carolina Industrial Commission does not have jurisdiction over plaintiff's claim against Mercury Motor Express, Inc. G.S. 97-2(1), (2), (3). (3) That on 21 September 1959 plaintiff sustained an injury by accident in the State of Georgia, arising out of and in the course of his employment with defendant Mercury Motor Express, Inc.

The motion of Mercury Motor Express, Inc., that it be dismissed as a party defendant in this case, for lack of jurisdiction, was allowed; and the defendant insurance carrier for Mercury Motor Express, Inc., American Fidelity and Casualty Company, was also dismissed as a party defendant.

The deputy commissioner held the employer-employee relationship did not exist between plaintiff and Williamson Truck Lines at the time of the injury by accident giving rise to the plaintiff's claim against Williamson Truck Lines and Bituminous Casualty Corporation, and denied the plaintiff's right to recover pursuant to the provisions of the North Carolina Workmen's Compensation Act.

The plaintiff appealed to the Full Commission. The Full Commission heard the matter, overruled plaintiff's exceptions, and affirmed the findings of fact and conclusions of law of the hearing deputy commissioner.

Upon appeal to the Superior Court, the court overruled the plaintiff's assignments of error and affirmed the findings of fact, conclusions of law, the dismissal of Mercury Motor Express, Inc. and its insurance carrier for lack of jurisdiction, and further affirmed the award theretofore entered by the North Carolina Industrial Commission denying relief against the defendant Williamson Truck Lines.

The plaintiff appeals, assigning error.

*John Webb for plaintiff, appellant.*

*Uzzell & DuMont, J. William Russell for defendant appellees, Williamson Truck Lines and Bituminous Casualty Corporation.*

*Douglass & McMillan, Clyde A. Douglass, II, for defendant appelees, Mercury Motor Express, Inc., and Fidelity and Casualty Company.*

Denny, J. In the hearing below the plaintiff excepted only to the findings of fact, conclusions of law, and the signing of the judgment, in his notice of appeal to this Court.

The plaintiff, however, concedes in his brief that the findings of fact are supported by the evidence. But he contends that the conclusions of law are not supported by the findings of fact. Therefore, we have before us nothing more than an exception to the judgment. Such an exception presents only these questions: (1) Do the facts found support the judgment and (2) does any error of law appear upon the face of the record? *Goldsboro v. R. R.*, 246 N.C. 101, 97 S.E. 2d 486; *Bailey v. Bailey*, 243 N.C. 412, 90 S.E. 2d 696; *Dellinger v. Bollinger*, 242 N.C. 696, 89 S.E. 2d 592; *Gibson v. Insurance Co.*, 232 N.C. 712, 62 S.E. 2d 320.

We think the plaintiff's assignment of error raises these questions only: (1) Did the North Carolina Industrial Commission have jurisdiction of the defendant Mercury Motor Express, Inc. and its insurance carrier, thereby giving it power to award compensation to the plaintiff against said defendants pursuant to the provisions of our Workmen's Compensation Act? (2) Did the relationship of employer-employee exist between the plaintiff and the Williamson Truck Lines at the time the plaintiff was injured?

In our opinion, both questions must be answered in the negative.

G.S. 97-36, in pertinent part, reads as follows: "Where an accident

happens while employee is employed elsewhere than in this State which would entitle him or his dependents to compensation if it had happened in this State, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this State, if the employer's place of business is in this State, and if the residence of employee is in this State * * *."

It is clearly apparent from the language of G.S. 97-36 that, before the jurisdiction of the North Carolina Industrial Commission attaches in a case where the accident occurs elsewhere than in this State, there must be a concurrence of all the above-mentioned prerequisites, and we so held in *Reaves v. Mill Co.*, 216 N.C. 462, 5 S.E. 2d 305, where *Seawell, J.*, speaking for the Court said: "In so far as it depends upon the statute (G.S. 97-36) alone, the jurisdiction of the Industrial Commission attaches only (a) if the contract of employment was made in this State; (b) if the employer's place of business is in this State; and (c) if the residence of the employee is in this State. All these circumstances must combine to give jurisdiction."

The contract involved herein between Mercury Motor Express, Inc. and the Williamson Truck Lines was executed in the City of Elizabeth, State of New Jersey; the Mercury Motor Express, Inc. is a Florida corporation, and there is no evidence tending to show that such corporation is domesticated in this State or that it maintains any terminal or place of business in North Carolina. Therefore, we hold that the court below was without error in affirming the action of the North Carolina Industrial Commission in its affirmance of the dismissal of Mercury Motor Express, Inc., and its insurance carrier, American Fidelity and Casualty Company, for lack of jurisdiction.

In answering the second question posed, we must determine whether the relationship of employer-employee existed between the plaintiff and Williamson Truck Lines at the time plaintiff was injured.

It was provided in the trip lease agreement that the "Lessee * * * agrees during the term of this agreement, to assume full responsibility for the operation of such motor vehicle(s)."

The deputy hearing commissioner found as a fact that at the time the plaintiff was injured the leased equipment was being driven by the plaintiff under the direction and control of Mercury Motor Express, Inc, with Mercury's I. C. C. plates attached thereto, and that Williamson Truck Lines had no control over Jones or the plaintiff during the course of the lease trip from Elizabeth, New Jersey, to Orlando, Florida.

We have held that when an interstate franchise carrier executes a lease or contract by which its equipment is augmented and used as one of its fleet of trucks under its franchise and with its license plates attached thereto, the holder of the franchise is responsible for the operation of the truck in so far as third parties are concerned. *Brown v. Truck Lines*, 227 N.C. 299, 42 S.E. 2d 71; *Wood v. Miller*, 226 N.C. 567, 39 S.E. 2d 608.

We have likewise held that the franchise carrier in such cases is also liable to the driver of such truck for any injury that may arise out of and in the course of his employment within the purview of our Workman's Compensation Act, and that the driver of such leased vehicle is not bound by any provisions in the lease ·to the contrary. *Brown v. Truck Lines, supra; Roth v. McCord*, 232 N.C. 678, 62 S.E. 2d 64; *Newsome v. Surratt*, 237 N.C. 297 74 S.E. 2d 732; *McGill v. Freight, Inc.*, 245 N.C. 469, 96 S.E. 2d 438; *Peterson v. Trucking Co.*, 248 N.C. 439, 103 S.E. 2d 479.

The plaintiff contends that the opinion of this Court in *Roth v. McCord, supra,* recognized the fact that the plaintiffs were entitled to recover from either one or the other group of defendants.

In the *Roth* case, McCord & Dellinger, hereinafter referred to as McCord, owned a tractor which they leased to ·Central Motor Lines, hereinafter referred to as Motor Lines. The Motor Lines was, but McCord was not, a common carrier of freight under franchise from the Interstate Commerce Commission within the area involved. The McCord firm was subject to our Workmen's Compensation Act.

McCord leased the tractor to the Motor Lines and furnished Roth as driver. The tractor was attached to a trailer belonging to the Motor Lines and was being used on a trip from Charlotte, North Carolina, to Lodi, New Jersey, with a cargo of Cannon Mills products being transported by the Motor Lines under its Interstate Commerce Commission franchise. The Motor Lines' Interstate Commerce Commission identification plate was attached to the vehicle and Roth was operating the same. The truck and trailer ran off the side of a bridge near Clover, Virginia, and Roth was killed.

The North Carolina Industrial Commission found that Roth, at the time of his injury and death, was an employee of the Motor Lines within the meaning of our Workmen's Compensation Act and made an award against it and its insurance carrier. They appealed to the Superior Court. The court below affirmed and the Motor Lines and its insurance carrier appealed to this Court. The plaintiff also appealed. This Court, speaking through *Barnhill J.*, later *C. J.*,

said "There is no contest as to the right of plaintiffs to death benefit compensation under the Workmen's Compensation Act. G.S. 97-38, et seq. The controversy is as to which group of defendants is liable therefor. (The lessors, the lessee and its insurance carrier, were parties defendant.) As to this there is no valid ground for debate. The judgment entered must be affirmed for two reasons:

"(1) Roth, at the time of his injury and death, was operating a vehicle being used by the Motor Lines to haul freight in the course of its business as a common carrier under franchise from the Interstate Commerce Commission. The vehicle was being operated under its identification plate. 'The operation of the truck was in law under the supervision and control of the interstate franchise carrier and could be lawfully operated only by those standing in the relationship of employees to the authorized carrier.' Brown v. Truck Lines, 227 N.C. 299, 42 S.E. 2d 71.

"(2) It is stipulated in the lease contract that while they are in the service of the Motor Lines, the vehicle and its driver shall be under the exclusive supervision, control, and direction of the lessee. The all-inclusive extent of this right of control is spelled out in the lease in detail. As the Motor Lines has contracted, so it is bound."

It is true that ordinarily Jones was the driver for Williamson Truck Lines and the plaintiff was used from time to time as a driver for this firm. But the test is this: For whom was the plaintiff working as an employee at the time of the accident? The Commission settled that question when it found as a fact that the plaintiff sustained an injury by accident arising out of and in the course of his employment with Mercury Motor Express, Inc.

In the Roth case, this Court further said: "The plaintiffs' appeal was precautionary. They are entitled to recover from either one or the other group of defendants. They wish to protect their rights in this respect in the event the Court concludes the Motor Lines and its insurance carrier are not liable. Their appeal is dismissed and they will be taxed with the costs of their brief.

"As to the Motor Lines and its insurance carrier, the judgment entered is affirmed."

We do not interpret the Roth case to hold, as the plaintiff contends, that under that decision the plaintiff has the right to elect and determine from which group of defendants recovery is to be had. Neither does the fact that our Industrial Commission did not have jurisdiction over the defendant Mercury Motor Express, Inc. and

its carrier or change in any respect the plaintiff's rights against Williamson Truck Lines.

Unless the lapse of time has barred the plaintiff's claim against Mercury Motor Express, Inc., we know of no reason why he may not press his claim against that corporation in the proper forum.

In view of the conclusions we have reached and the authorities cited herein, we are constrained to uphold the judgment entered in the court below.

Affirmed.