CARL D. GOLDEN, JR. v. VERA E. GOLDEN

No. 7825DC1129

(Filed 16 October 1979)

**Appeal and Error § 6.2— denial of summary judgment—no immediate appeal**

Ordinarily, the denial of a motion for summary judgment is not immediately appealable because it affects no substantial right, the movant being allowed to preserve his exception to the denial of the motion for consideration on appeal from the final judgment.

APPEAL by plaintiff from *Tate, Judge.* Judgment entered 20 July 1978 in District Court, CATAWBA County.

Plaintiff and defendant were divorced in 1974, and plaintiff was ordered pursuant to a consent judgment to pay to defendant

alimony and child support for the two minor children of the marriage whose custody was awarded to defendant. At the time the consent judgment was entered, plaintiff was earning $27,700 per year.

In June 1976, a judgment was entered by Judge Beach vacating the 1974 consent judgment upon a finding that plaintiff had become totally disabled by disease and had been unable to work or earn any money since June 1975.

On 9 December 1976, defendant filed a motion in the cause pursuant to G.S. 50-16.9 for an increase in alimony on the ground that a substantial change of circumstances had occurred since entry of the June 1976 judgment. Plaintiff filed his motion to dismiss for failure to state a claim upon which relief can be granted pursuant to G.S. 1A-1, Rule 12(b)(6).

Plaintiff's motion was heard on 11 August 1977 before Judge Samuel Tate. Plaintiff made an oral motion for summary judgment on the ground that there could be no modification of a prior alimony award pursuant to G.S. 50-16.9, because the prior alimony award had been vacated. A copy of such judgment was admitted into evidence, and defendant stipulated that the judgment vacated the 1974 consent judgment. The motion for summary judgment was denied, and plaintiff appealed.

*Rudisill & Brackett, by J. Richardson Rudisill, Jr., for plaintiff appellant.*

*Hovey, Carter & Robbins, by Sherwood J. Carter, Jr., for defendant appellee.*

ERWIN, Judge.

We find it was proper for Judge Tate to consider plaintiff's motion to dismiss pursuant to Rule 12(b)(6) of the Rules of Civil Procedure as one for summary judgment and to consider matters off the face of the record after giving the parties reasonable opportunity to present all material pertinent to the disposition of the case by summary judgment. *Smith v. Smith*, 17 N.C. App. 416, 194 S.E. 2d 568 (1973); G.S. 1A-1, Rule 12(b), of the Rules of Civil Procedure.

Dillon v. Consolidated Delivery

Plaintiff contends that denial of the motion for summary judgment is immediately appealable, because it affects a substantial right, namely, plaintiff's ability to litigate further the question of whether the order entered by Judge Beach in 1976 terminated forever plaintiff's obligation to pay alimony to defendant.

Ordinarily the denial of a motion for summary judgment is not immediately appealable, because it affects no substantial right, the movant being allowed to preserve his exception to the denial of the motion for consideration on appeal from the final judgment. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978); *Motyka v. Nappier*, 9 N.C. App. 579, 176 S.E. 2d 858 (1970).

The appeal is

Dismissed.

Judges VAUGHN and HILL concur.