EDD W. DeARMON, JR., ADMINISTRATOR OF THE ESTATE OF WILLIAM AMARILLO v. B. MEARS CORPORATION, A FLORIDA CORPORATION, RICHARD HENSEL AND MARILYN HENSEL, D/B/A HENSEL & SONS, AND ALLEN F. CANADY

No. 253PA84

(Filed 30 January 1985)

**1. Process § 9.1— automobile accident involving truck owned by foreign defendant but driven by agent of lessee—jurisdiction over owner**

In an action arising from an accident involving a tractor trailer, the trial court did not make sufficient findings to support its conclusions that it had personal jurisdiction over defendant Florida corporation, to which the truck was registered, where plaintiff relied entirely on the registration of the truck

to defendant under G.S. 20-71.1(b) and G.S. 1-75.4(3), and defendant produced evidence that the truck had been leased with the lessee having full control over the truck, including the authority to choose and hire its own drivers. The credibility of defendant's evidence tending to show the absence of agency was for the trial court to decide, and the agency issue was not properly resolved.

2. **Automobiles and Other Vehicles § 105.2— genuine issue of material fact as to agency between truck owner and third-party driver**

In an action arising from an accident involving a tractor trailer, the trial court properly denied defendant's Rule 12(b)(6) motion, heard with evidence and therefore considered as a motion for summary judgment, where plaintiff relied on the presumption of agency arising under G.S. 20-71.1(b) from registration of a motor vehicle, and defendant presented evidence of the absence of agency. A *prima facie* showing of agency under G.S. 20-71.1(b) is a rule of evidence rather than of substantive law, and does not remain in the case to be considered after defendant offers positive evidence which, if believed, demonstrates the absence of agency.

Justice VAUGHN did not participate in the consideration or decision of this case.

ON discretionary review of the decision of the Court of Appeals, 67 N.C. App. 640, 314 S.E. 2d 124 (1984), affirming the order of *Judge Frank W. Snepp*, entered at the 22 September 1982 Civil Session of MECKLENBURG County Superior Court.

*DeLaney, Millette & McKnight by Steven A. Hockfield for plaintiff appellee.*

*Parker, Poe, Thompson, Bernstein, Gage & Preston by William E. Poe and Irvin W. Hankins III for defendant appellant B. Mears Corporation.*

EXUM, Justice.

This appeal presents two questions. The first is whether the trial court made sufficient findings of fact to support its conclusions that it had personal jurisdiction over defendant B. Mears Corporation. We conclude that it did not. The second is whether the trial court correctly denied this defendant's motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. We conclude that it did. We therefore reverse and remand in part and affirm in part.

I.

This is a wrongful death action arising out of an accident which occurred on Interstate 95 in Robeson County on 23 Decem-

ber 1979. According to the complaint, plaintiff's intestate was killed when he was struck by a 1971 Peterbilt tractor truck being operated by defendant Allen F. Canady. Plaintiff filed summons without complaint on 22 December 1981, which he followed with an unverified complaint on 31 December 1981 in which he alleged Canady's negligence and that Canady was the agent of defendant B. Mears Corporation (hereinafter Mears).

On 1 March 1982 Mears moved to dismiss for lack of personal jurisdiction and failure to state a claim upon which relief can be granted under Civil Procedure Rules 12(b)(2) and 12(b)(6), respectively. In support of these motions, Mears submitted an affidavit stating that the tractor on the date of the collision was leased to Richard and Marilyn Hensel doing business as Hensel & Sons, and that Canady was not and had never been Mears' employee. A copy of the lease was attached to the affidavit. On 11 March 1982 plaintiff filed an amended complaint in which he joined Richard and Marilyn Hensel as additional defendants and alleged "on information and belief" that at the time of the collision the Hensels were leasing the tractor from Mears and that Canady was operating the truck as agent "of the Hensels."

On 14 April 1982 defendant filed answers to plaintiff's interrogatories which, in substance, were as follows: Mears did not carry liability insurance on the Peterbilt tractor at the time of the accident because the tractor "was leased to Richard and Marilyn Hensel, d/b/a Hensel & Sons who were to provide insurance as lessees under the lease." The Hensels did carry liability insurance covering the tractor with Firemens Mutual, but the policy number, amount of coverage, and effective date of the policy was unknown. Mears had no knowledge as to the whereabouts or address of the driver, Allen Canady. At the time of the accident Mears did not own or operate the Peterbilt tractor "under any motor carrier certificate or license of the Interstate Commerce Commission."

On 3 September 1982 plaintiff's counsel filed an affidavit stating that Mears was the registered owner in Florida of the Peterbilt tractor involved in the accident. He attached a certified copy of the Florida vehicle registration certificate in support of the affidavit.

Mears' motion to dismiss came on for hearing before the trial court on 22 September 1982. After considering all of the above evidence, the trial court denied the motion to dismiss on both grounds asserted, making the following findings of fact and conclusions of law in support of its ruling:

1. Summons with Order Extending Time was issued in this action on December 22, 1981.

2. The defendant B. Mears Corp. was served by certified mail, return receipt requested, on January 4, 1982 in accord with the North Carolina Rules of Civil Procedure.

3. A Complaint was filed and Delayed Service of Complaint and the Complaint was issued on December 31, 1981 and served by certified mail, return receipt requested on January 15, 1982.

4. The acts complained of occurred in the State of North Carolina on December 23, 1979.

5. That on December 23, 1979, the 1972 Peterbilt tractor referred to in plaintiff's Complaint and alleged to have been involved in the accident, forming the basis of this action, was registered in the State of Florida and was titled in the name of B. Mears Corp. on December 23, 1979.

Based on the foregoing findings of fact, the Court makes the following conclusions of law:

1. Sufficient grounds exist for the exercise of personal jurisdiction by this Court over the defendant B. Mears Corp.

2. Plaintiff's Complaint stated a claim upon which relief can be granted and, as there exists a genuine issue of material fact, the defendant B. Mears Corp. is not entitled to judgment as a matter of law.

The Court of Appeals affirmed. We allowed Mears' petition for further review on 6 July 1984.

II.

[1, 2]  The only basis asserted by plaintiff for the exercise of personal jurisdiction over Mears is that the operator of the tractor at the time of the accident was acting as Mears' agent. Plaintiff

relies entirely on N.C.G.S. § 1-75.4(3) which gives jurisdiction to the courts of this state over persons properly served "in any action claiming injury to person or property or for wrongful death within or without this state arising out of an act or omission within this state by the defendant." Plaintiff argues that Mears committed an act within this state through its alleged agent Canady, operator of the tractor.

In order to establish the agency relationship plaintiff relies entirely on N.C.G.S. § 20-71.1(b) which provides that in an action such as this one:

> Proof of the registration of a motor vehicle in the name of any person, firm or corporation, shall . . . be prima facie evidence of ownership and that such motor vehicle was then being operated by and under the control of a person for whose conduct the owner was legally responsible, for the owner's benefit, and within the course and scope of his employment.

Mears, on the other hand, relies entirely on its evidence that Canady was not and never has been its employee or agent and that the tractor Canady was operating was under lease to a third party under the terms of which that party had full, exclusive control over its operation.

Mears' evidence, if believed, establishes the absence of any agency relationship between it and the driver Canady at the time of the accident. Generally the bailor of equipment either gratuitously or for hire is not responsible to third parties for the bailee's negligent use of the bailed equipment where all control of the equipment has been relinquished to the bailee by the bailor. *Shapiro v. Winston-Salem*, 212 N.C. 751, 194 S.E. 479 (1937) (truck and driver loaned by city to third party; held city not liable for death caused by driver of truck). "It is accepted law that the relationship of lessor and lessee is not that of principal and agent." *Brown v. Ward*, 221 N.C. 344, 347, 20 S.E. 2d 324, 326 (1942).

Even when an owner of a truck leases both the truck *and driver* to another, the operator of the truck is not thereafter the agent of the owner if by the terms of the lease itself or other circumstances the owner relinquishes all right to control the truck's operation. *Peterson v. McLean Trucking Company*, 248 N.C. 439, 103 S.E. 2d 479 (1958), and cases therein cited.

*Weaver v. Bennett*, 259 N.C. 16, 129 S.E. 2d 610 (1963), did not, as the Court of Appeals intimated in the opinion below and as plaintiff now argues, limit this rule to situations where the lessee of the truck was operating under an Interstate Commerce Commission franchise. This was one important circumstance which led the Court to conclude in these cases that the driver was the agent of the lessee-interstate franchisee, but the Court also emphasized the terms of the leases themselves in reaching this conclusion. In *Roth v. McCord*, 232 N.C. 678, 680, 62 S.E. 2d 64, 66 (1950), the Court noted, in addition to the fact that the lessee was an interstate franchisee:

> (2) It is stipulated in the lease contract that while they are in the service of the Motor Lines, the vehicle and its driver shall be under the exclusive supervision, control, and direction of the lessee. The all-inclusive extent of this right of control is spelled out in the lease in detail. As the Motor Lines has contracted, so is it bound.

The basis for decision was repeated in the *Weaver* Court's analysis of *Roth*. In *Peterson*, moreover, the Court emphasized the terms of the lease agreement in concluding the driver was not the agent of the owner-lessor. It referred expressly to provisions:

> (1) Whereby lessor-owner leased truck and drivers to lessee; (2) Provisions whereby lessee took complete control of truck for the particular trip involved; (3) Stipulation that the lessee would attach its identification mark on the truck, and (4) specifying the above with particularity.

248 N.C. at 442, 104 S.E. 2d at 483. That the lessee of truck and driver operates under an interstate franchise is simply one circumstance, among many other possible circumstances, including the lease terms themselves, which may tend to show an agency relationship exclusively between the lessee and driver.

In cases where the owner of equipment leases both the equipment and operator to another under circumstances wherein the owner retains control over the manner in which the equipment is to be operated, this Court has concluded that the operator may be the agent of the owner-lessor. *See, e.g., Weaver v. Bennett*, 259 N.C. 16, 129 S.E. 2d 610 (lessor leased both backhoe and skilled operator for construction job; lessor agreed to maintain insurance

to protect against claims for damage caused by backhoe); *Leonard v. Tatum and Dalton Transfer Co.*, 218 N.C. 667, 12 S.E. 2d 729 (1940) (truck and driver leased; lessee had no authority to discharge driver and no control over manner of driving; lessee could only direct driver to various destinations).

In the case at bar, of course, Mears' evidence is that it leased *only* the tractor, not the driver, Canady, to the Hensels; that Canady had never been in its employ; and that under the lease all control of the tractor had been relinquished to the Hensels. The lease provides for rental of the tractor and trailer only at a minimum payment of $1,000 per month, with an option to purchase should payments aggregate $30,000. Lessee is obligated to maintain, repair and insure the truck and to provide all necessary licenses. Lessee is given the right to display on the equipment its own logos, is obligated to permit only "safe, careful, licensed authorized drivers" to operate the equipment and agrees to hold lessor harmless from any damages arising from use of the truck in violation of any laws, rules or regulations. Under this lease only the lessee has authority to choose and hire its own drivers. All control over and financial responsibility for the tractor rested with lessee.

We are satisfied, therefore, that if the trial court believes Mears' evidence, then it must find that the truck was not being operated under Mears' direction or control, and it must conclude that Canady was not Mears' agent.

The Court of Appeals reasoned that despite Mears' evidence, which if believed would establish that the driver Canady was not its agent at the time of the accident, the prima facie case for agency created by N.C.G.S. § 20-71.1 upon a showing of registered ownership in Mears was sufficient to support the trial court's conclusion that jurisdiction existed under the provisions of N.C.G.S. § 1-75.4(3). The Court of Appeals did not address whether the trial court's findings of fact were sufficient to support its conclusion that jurisdiction existed. Believing that the findings were clearly insufficient, we reverse the Court of Appeals and remand the matter to the trial court for further proceedings consistent with this opinion.

The prima facie showing of agency under N.C.G.S. § 20-71.1(b) is a rule of evidence and not one of substantive law.

*Duckworth v. Metcalf*, 268 N.C. 340, 150 S.E. 2d 485 (1966); *Mitchell v. White*, 256 N.C. 437, 124 S.E. 2d 137 (1962). The rule shifts the burden of going forward with evidence to those persons better able to establish the facts than are plaintiffs. *Manning v. State Farm Mutual Auto Insurance Co.*, 243 F. Supp. 619 (W.D. N.C. 1965). Its sole purpose is to facilitate proof of ownership and agency where a vehicle is operated by one other than the owner. *Branch v. Dempsey*, 265 N.C. 733, 145 S.E. 2d 395 (1965). The statute makes out a prima facie case which, nothing else appearing, permits but does not compel a finding for plaintiff on the issue of agency. *Chappell v. Dean*, 258 N.C. 412, 128 S.E. 2d 830 (1963); *Brothers v. Jernigan*, 244 N.C. 441, 94 S.E. 2d 316 (1956).

More importantly, if plaintiff relies solely upon the statute, presenting no other evidence of agency, and defendant presents positive, contradicting evidence which, if believed, establishes the non-existence of an agency relationship between owner and operator, defendant is entitled to a peremptory instruction on the agency issue, or in a non-jury hearing, to a conclusion, based on proper findings, that no agency relationship exists. *Belmany v. Overton*, 270 N.C. 400, 154 S.E. 2d 538 (1967); *Chappell v. Dean*, 258 N.C. 412, 128 S.E. 2d 830; *Skinner v. Jernigan*, 250 N.C. 657, 110 S.E. 2d 301 (1959); *Whiteside v. McCarson*, 250 N.C. 673, 110 S.E. 2d 295 (1959). The statutory presumption is not weighed against defendant's evidence by the trier of facts. *Id.*

Under these rules where a trial judge is presented only with a prima facie showing of agency mandated by N.C.G.S. § 20-21.1 (b) on the one hand, and defendant's evidence establishing the absence of agency on the other, the only issue becomes whether the judge believes defendant's evidence. If the judge does, then plaintiff's prima facie showing disappears and the judge must conclude that no agency relationship exists. If he does not believe defendant's evidence, then he may conclude for plaintiff on the agency issue. Either conclusion must be based on proper findings.

This was the state of the evidence before the trial court in this case; yet nowhere in the trial court's findings is the question of agency resolved. Finding No. 5 does not resolve it. This so-called "finding" is nothing more than a recitation of the fact of the tractor's registration in the name of Mears, a fact which is sufficient to permit but not to compel a finding that Mears con-

trolled the operation of the tractor in the event the trial court did not believe Mears' evidence to the contrary.

*Howard v. Sasso*, 253 N.C. 185, 116 S.E. 2d 341 (1960), is instructive. In *Howard* plaintiff sued for damages allegedly caused by the negligent operation by James Coady of a 1957 Ford automobile registered in New York to defendant, Sasso. Plaintiff obtained service on Sasso, a New York resident, pursuant to N.C. G.S. § 1-105 which, when *Howard* was decided, provided for service upon a nonresident in any action against the nonresident "growing out of any accident or collision in which said nonresident may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle . . . in this state." Defendant Sasso specially appeared and moved to dismiss for lack of personal jurisdiction on the ground that although she was the registered owner of the automobile, it was not being operated at the time of the collision by her agent.

When the motion was heard, plaintiff relied entirely on N.C. G.S. § 20-71.1 to establish agency. Defendant offered affidavits tending to show that she had given possession of her automobile to her son who was stationed at Camp Lejeune. Her son had allowed one Foster, also stationed there, to have possession of the car and to use it. In violation of specific instructions that no one except Foster was to drive the car, Foster permitted Coady to operate it. While operated by Coady the automobile was involved in a collision which allegedly damaged the plaintiff. The trial court denied the motion to dismiss and this Court affirmed. The trial court, however, made the following crucial finding of fact:

'3. That the said James J. Coady was operating the automobile of the defendant, Concetta Phyllis Sasso, at the time and place of the collision giving rise to this action, for the said Concetta Phyllis Sasso, or under the control or direction, express or implied, of the defendant, Concetta Phyllis Sasso.'

253 N.C. at 186, 116 S.E. 2d at 343. In affirming the trial court's order, this Court said:

In view of our conclusion that G.S. 20-71.1 is applicable in the determination by the court of the crucial question of

fact, it follows that the (admitted) fact that defendant was the registered owner of the 1957 Ford was sufficient to support, but not to compel, a finding in plaintiff's favor as to the alleged agency. The credibility of the evidence (affidavits) offered by defendant was for consideration and determination by the court.

253 N.C. at 188, 116 S.E. 2d at 344.

So it is here. The credibility of Mears' evidence is for the trial court. If the trial court believes it to be true then, nothing else appearing but plaintiff's reliance on the statute's prima facie case, the trial court should find Mears had no control over the tractor, conclude in Mears' favor on the agency issue and allow its motion to dismiss for lack of personal jurisdiction. If the trial court does not believe Mears' evidence tending to show the absence of agency, then it may, but is not compelled to find Mears had control of the tractor, conclude in plaintiff's favor on the agency issue and deny Mears' motion to dismiss. As the order now stands, the agency issue has not been properly resolved by the trial court.

## III.

We turn now to the trial court's order insofar as it denies Mears' Rule 12(b)(6) motion to dismiss for failure to state a claim. In considering the motion the trial court heard evidence and based its ruling on that evidence. Where matters outside the pleadings are presented to and not excluded by the court on a motion to dismiss for failure to state a claim, the motion shall be treated as one for summary judgment under Rule 56. N.C.R. Civ. P. 12(b); *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). We, therefore, as did the Court of Appeals, treat this aspect of the trial court's order as being a denial of Mears' motion for summary judgment.

As the Court of Appeals correctly noted, the denial of a motion for summary judgment is a non-appealable interlocutory order. *Tridyn Industries, Inc. v. American Mutual Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979); *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978); *Golden v. Golden*, 43 N.C. App. 393, 258 S.E. 2d 809 (1979). The Court of Appeals, however, proceeded to consider this issue. It held the trial court

properly denied the motion because the prima facie case created by N.C.G.S. § 20-71.1 and Mears' evidence to the contrary created a genuine issue of material fact on the agency question.

Since the Court of Appeals addressed the trial court's ruling on the Rule 12(b)(6) motion and since it has been briefed and argued before us, we elect to consider it in the exercise of our supervisory powers in the interest of judicial economy and for the guidance of the trial court below should the agency issue ever come to jury trial in this jurisdiction.

We agree essentially with the result reached by the Court of Appeals on this motion. We simply wish to point out, as we have already shown in Part II, *supra*, that when a plaintiff on an agency issue relies entirely on the prima facie case created by the statute and defendant offers positive evidence which, if believed, would demonstrate the absence of agency, the presumption created by the statute does not remain in the case to be weighed against the contrary evidence. Rather, the only question for the jury is whether it believes the contrary evidence. Defendant is entitled to a peremptory instruction that if the jury does believe the contrary evidence, it must find for defendant on the agency issue.

The result is that insofar as the Court of Appeals affirmed the trial court's order denying Mears' motion to dismiss for want of personal jurisdiction, the decision is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion. Insofar as the Court of Appeals affirmed the denial of Mears' motion to dismiss for failure to state a claim, the decision is affirmed.

Reversed in part and remanded; affirmed in part.

Justice VAUGHN did not participate in the consideration or decision of this case.