CITY FINANCE CO. v. MASSEY MOTOR CO.

[95 N.C. App. 623 (1989)]

———————

CITY FINANCE COMPANY, INC. v. MASSEY MOTOR COMPANY, INC.

No. 888DC1291

(Filed 19 September 1989)

**Uniform Commercial Code § 45— sale of collateral—automobile —notice to subordinate creditor omitted**

The trial court correctly granted defendant's motion for dismissal under N.C.G.S. § 1A-1, Rule 12(b)(6) of an action seeking damages for failing to notify plaintiff of a disposition of collateral in which plaintiff had a subordinate security interest where Wachovia Bank had financed the purchase of a car for an individual; Wachovia had recorded a lien on the title of the car and plaintiff had recorded a second lien; Wachovia repossessed the car and, pursuant to a recourse agreement with defendant, assigned its title on the auto to defendant; and defendant subsequently sold the car without giving notice to plaintiff. Although plaintiff contends that the automobile became inventory when the dealer repossessed the automobile and that further notice was then required, the issue turns on the classification of the car at the time plaintiff entered into a security agreement with the individual who owned the car, and the car was consumer goods at the time plaintiff entered into the finance arrangement. To have protected its interest in the collateral as a subordinate secured party, plaintiff at the time the loan was made could have notified defendant or its assignor by letter of its demand that any proceeds remaining after a disposition of collateral be applied toward satisfaction of plaintiff's security interest. N.C.G.S. § 25-9-504.

CITY FINANCE CO. v. MASSEY MOTOR CO.

[95 N.C. App. 623 (1989)]

APPEAL by plaintiff from *Setzer, Judge*. Order entered 25 August 1988 in District Court, LENOIR County. Heard in the Court of Appeals 22 August 1989.

In this civil action plaintiff seeks damages from defendant for failing to notify it of a disposition of collateral in which plaintiff had a security interest. Defendant moved to dismiss the complaint pursuant to Rule 12(b)(6) of the N.C. Rules of Civil Procedure for failure to state a claim upon which relief could be granted. After a hearing on the motion, an order was entered dismissing the complaint against the defendant, from which the plaintiff appeals. Plaintiff's complaint contains the following allegations of fact:

Plaintiff and defendant are both North Carolina corporations principally located in Kinston, Lenoir County. On 10 May 1984, Wachovia Bank financed the purchase of a car for an individual. The bank recorded a lien on the title of the car with the Department of Motor Vehicles. On 5 September 1986, plaintiff recorded a second lien on the title of the car with the Department of Motor Vehicles. In March 1986 the bank repossessed the car, and, pursuant to a recourse agreement with the defendant, assigned its lien on the auto to the defendant. Subsequently, defendant sold the car without giving notice to the plaintiff, which, plaintiff complains, is required by N.C.G.S. § 25-9-504(3). As a result of the lack of notice, plaintiff claims that it was unable to protect its interest in the car and was damaged in the amount of $2,400.57 plus interest.

*Harrison and Simpson, by Fred W. Harrison, for plaintiff appellant.*

*White & Allen, by David J. Fillippeli, Jr., for defendant appellee.*

ARNOLD, Judge.

The trial court did not err in dismissing plaintiff's complaint for failure to state a claim on which relief can be granted.

A motion made pursuant to N.C.R. Civ. Pro. 12(b)(6) tests the legal sufficiency of the complaint. *Sutton v. Duke*, 277 N.C. 94, 106, 176 S.E.2d 161, 168 (1970). In judging a motion made pursuant to N.C.R. Civ. Pro. 12(b)(6), the allegations of the complaint must be taken as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 80, 221 S.E.2d 282, 288 (1976). "A claim should not be dismissed under Rule 12(b)(6) unless it appears that the plaintiff is entitled to no relief under any statement of facts which could be proved in sup-

CITY FINANCE CO. v. MASSEY MOTOR CO.

[95 N.C. App. 623 (1989)]

port of the claim." W. Shuford, *N.C. Civil Practice and Procedure* § 12-10 (1988).

The Uniform Commercial Code, Chapter 25, Article 9 of the North Carolina General Statutes governs security interests in goods. N.C.G.S. § 25-9-504(3) states the law which governs the outcome of this appeal:

> § 25-9-504. Secured party's right to dispose of collateral after default; effect of disposition.
>
> * * * *
>
> (3) Disposition of the collateral may be by public or private proceedings and may be made by way of one or more contracts. Sale or other disposition may be as a unit or in parcels and at any time and place and on any terms but every aspect of the disposition including the method, manner, time, place and terms must be commercially reasonable. Unless collateral is perishable or threatens to decline speedily in value or is of a type customarily sold on a recognized market, reasonable notification of the time and place of any public sale or reasonable notification of the time after which any private sale or other intended disposition is to be made shall be sent by the secured party to the debtor, if he has not signed after default a statement renouncing or modifying his right to notification of sale. *In the case of consumer goods no other notification need be sent. In other cases notification shall be sent to any other secured party from whom the secured party has received (before sending his notification to the debtor or before the debtor's renunciation of his rights) written notice of a claim of an interest in the collateral.*

Whether the defendant must give the plaintiff notice depends entirely upon the classification of the car under the Uniform Commercial Code. Plaintiff argues that when the dealer repossessed the automobile, "it ceased to be consumer goods and became inventory." Plaintiff correctly states that if the automobile was inventory, further notice may have been required, if plaintiff had made written notice of a claim of interest in the collateral. However, the weight of authority defies plaintiff's interpretation of the statute.

A car, such as the collateral in this case, is a consumer good if used or bought primarily for personal use. N.C.G.S. § 25-9-109. *See Joyce v. Cloverbrook Homes, Inc.*, 81 N.C. App. 270, 273,

344 S.E.2d 58, 60 (1986). "The manner in which a product is classified is determined at the time of agreement between the parties giving rise to the security interest, and, as to them, the categorization remains unaffected by a later transfer of the product in question." *Franklin Investment Co. v. Homburg*, 252 A. 2d 95, 98 (1968); *see* 77 A.L.R.3d 1225, 1235; White and Summers *Uniform Commercial Code* § 22-9 (Third Edition 1988). Therefore, the issue in this case turns on the classification of the car at the time plaintiff entered into a security agreement with the individual who owned the car.

In its complaint plaintiff does no more than identify by name the individual who bought the car, and who, in 1986, made a finance agreement with the plaintiff. Plaintiff contends that "when the dealer repossessed the automobile, it ceased to be consumer goods," thereby admitting, at least until the time of repossession, that the car was consumer goods. Nothing else appearing, we conclude that the car was consumer goods at the time plaintiff entered into the finance arrangement.

N.C.G.S. § 25-9-504(1) addresses the question of how proceeds from the sale of collateral are to be applied. To have protected its interest in the collateral as a subordinate secured party, plaintiff could have, at the time the loan was made, notified defendant (or its assignor) by letter of its demand that any proceeds remaining after a disposition of collateral by defendant be applied toward satisfaction of plaintiff's security interest. N.C.G.S. § 25-9-504(1)(c).

The order of the trial court dismissing plaintiff's complaint for failure to state a claim is

Affirmed.

Judges BECTON and COZORT concur.