SARAH WHITE HARGETT AND COLEY HARGETT, JR. v. MARY VIRGINIA REED AND EDDIE WINN

No. 883SC740

(Filed 5 September 1989)

1. **Courts § 21.5 — automobile accident — transfer of ownership in Georgia — Georgia law applied**

   Due process considerations require that defendant Winn's status as the owner of a car involved in an automobile accident in North Carolina be examined under the law of Georgia where

HARGETT v. REED

[95 N.C. App. 292 (1989)]

Winn, a Georgia resident, claimed that the car had previously been sold in Georgia, that Georgia law controlled the ownership issue, and that under Georgia law ownership passed to the dealer even though the certificate of title was not properly assigned at the time of the sale. It would be manifestly unjust to require a nonresident, who must comply with his own state's requirements for title transfer, to comply with requirements of all other states to which a subsequent purchaser might some day take the vehicle or face being subject to jurisdiction there.

2. **Automobiles and Other Vehicles § 5.3— automobile accident— alleged prior transfer of vehicle in Georgia—summary judgment for transferor denied**

The trial court properly denied defendant Winn's motion for summary judgment in an action arising from an automobile accident in North Carolina where Winn, a Georgia resident, claimed that he had sold the vehicle in Georgia prior to the accident. Although Winn's evidence regarding the sale of the car, if believed, may have been sufficient to establish that he was not the owner under Georgia law, Winn's own evidence showed that the vehicle was registered in his name, raising the presumption that he was the owner and was responsible for its operation, and the evidence presented regarding the sale of the car was inherently suspect. This inquiry was limited to determining whether North Carolina properly exercised jurisdiction based on the presumption arising from registration of the vehicle and the issue of Winn's responsibility for the operation of the car remains to be determined at trial.

APPEAL by defendant from *Henry A. Lupton, Judge.* Order entered 1 December 1987 in Superior Court, CRAVEN County. Heard in the Court of Appeals 14 March 1989.

*Robert G. Raynor, Jr., for plaintiff-appellees.*

*Ward & Smith, P.A., by David A. Stoller, for defendant-appellant.*

BECTON, Judge.

We granted certiorari in this automobile accident case to determine whether the trial judge correctly denied the summary judg-

ment motion of one of the nonresident defendants, Eddie Winn ("Winn"). Winn contests this State's exercise of personal jurisdiction over him, contending that he was not the owner of the car involved in the accident. Although denial of a motion for summary judgment ordinarily is not appealable, an appeal will lie, when, as here, the summary judgment motion was based on a challenge to personal jurisdiction. *See, e.g.,* N.C. Gen. Stat. Sec. 1-277(b) (1983); *cf. Poret v. State Personnel Comm'n,* 74 N.C. App. 536, 538, 328 S.E.2d 880, 882, *disc. rev. denied,* 314 N.C. 117, 332 S.E.2d 491 (1985) (appeal from motion to dismiss for lack of jurisdiction over the person). For the reasons that follow, we affirm the order denying summary judgment.

I

The plaintiffs, Sarah White Hargett and Coley Hargett, Jr., alleged in their Complaint that Winn, a Georgia resident, was the owner of the 1979 Buick Regal which struck their car in New Bern, North Carolina, on 27 July 1986, seriously injuring Mrs. Hargett. Plaintiffs also alleged that the Buick's driver, defendant Mary Virginia Reed ("Reed"), also a Georgia resident, operated the car with Winn's permission. Pursuant to this State's long-arm statute, N.C. Gen. Stat. Sec. 1-75.4, and our nonresident motorist statute, N.C. Gen. Stat. Sec. 1-105, plaintiffs attempted substituted service of process on Winn by serving the North Carolina Commissioner of Motor Vehicles.

Winn moved for summary judgment, contending that this method of service was ineffective to confer jurisdiction over him because he was no longer the owner of the Buick, having sold the car to his employer, an automobile dealership, four days before the accident. Winn further alleged that the dealership sold the car the same day to an automobile rental company, which, in turn, rented it to defendant Reed.

Winn supported his motion with the following: (1) Winn's answers to plaintiffs' interrogatories, in which he denied owning the Buick; (2) his affidavit, in which he averred that he sold the Buick on 23 July 1986 to his employer, Sunshine Toyota, and that the employer-dealership subsequently sold the car the same day to H & L U-Save Auto Rentals ("H & L"); (3) attached to the affidavit as an exhibit, a copy of the certificate of title to the Buick — on its face, naming Winn as registered owner, and on the back, signed in blank by Winn, with no date and no indication to whom the Buick was sold;

(4) also attached as exhibits to the affidavit, two receipts dated 23 July 1986, typed on the employer-dealership's forms, indicating that Winn sold the Buick to the dealership and that the dealership sold it to H & L; (5) defendant Reed's third-party Complaint against H & L, in which Reed alleged that the Buick was rented from H & L and that H & L was the owner of the car; and (6) plaintiffs' Reply to Reed's counterclaim for property damage, in which plaintiffs alleged that H & L, not Reed, was the owner of the Buick.

To oppose the motion, plaintiffs offered the affidavit of the North Carolina state trooper who investigated the accident. In his affidavit, the trooper averred that he "obtained information at the scene . . . indicating the registered owner of [the Buick bearing license number HWA 266] to be Eddie Winn of Bristol, Georgia." Plaintiffs forecast no other evidence.

Winn appeals from denial of his motion for summary judgment, contending that Georgia law controls the ownership issue, and that under that State's law, ownership passed to the dealer even though the certificate of title was not properly assigned at the time of the sale. As a result, Winn asserts, North Carolina lacks personal jurisdiction over him. Winn further contends that the plaintiffs failed to come forward with admissible evidence to resist his motion for summary judgment, and, therefore, that he was entitled to judgment as a matter of law.

## II

North Carolina's nonresident motorist statute provides a means for obtaining personal jurisdiction over any nonresident "involved" in an automobile accident in this State by virtue of the operation of a vehicle in North Carolina either "by . . . or for" the nonresident, or by someone "under his control or direction, express or implied." N.C. Gen. Stat. Sec. 1-105 (1983). Under this statute, jurisdiction may be asserted over the owner of the vehicle as well as the driver so long as the owner had the legal right to control the car's operation. *See, e.g., Howard v. Sasso,* 253 N.C. 185, 116 S.E.2d 341 (1960); *Davis v. St. Paul-Mercury Indemnity Co.,* 294 F.2d 641 (4th Cir. 1961) (applying North Carolina law). As the court in *Davis* explained:

[North Carolina] has a strong interest in being able to provide a convenient forum where its citizens may be able to seek,

from the owner as well as the actual operator, compensation for injuries that will often be extremely serious. Jurisdiction over the driver who inflicted the injury does not exhaust the state's interest; it is not pushing the matter too far to recognize that the state may also assert the jurisdiction of its courts over the owner who placed the vehicle in the driver's hands to take it onto the state's highways.

294 F.2d at 648.

Proof of *registration* of the vehicle in a person's name raises a rebuttable statutory presumption that the named person was the owner of the vehicle, that he was legally responsible for the driver's actions, and that the car was operated for his benefit and with his authority, consent, and knowledge. N.C. Gen. Stat. Sec. 20-71.1 (1983). *See DeArmon v. B. Mears Corp.*, 312 N.C. 749, 755-56, 325 S.E.2d 223, 228 (1985). However, this evidentiary presumption is not conclusive, and merely permits, but does not compel, a finding that the driver was the owner's agent. *Id.* at 756, 325 S.E.2d at 228. When the owner presents positive evidence, which, *if believed*, establishes the absence of agency, the only issue becomes whether the judge believes that contrary evidence. *Id.* at 756, 325 S.E.2d at 228.

### III

The key issue to be determined is whether Winn successfully proved that he was not the owner of the car involved in the collision. If Winn did so, North Carolina has no basis for asserting jurisdiction over him, and summary judgment should have been granted in his favor. If Winn failed to establish that he was no longer the owner of the car, a genuine issue of material fact remains for trial, and summary judgment was properly denied.

### A

[1] We turn first to the parties' choice of law arguments. Winn contends that under the "interest analysis" approach to choice of law questions, Georgia law should determine the ownership issue because Winn's contract to sell the Buick to the dealership was formed in that state. Under Georgia law, Winn asserts, sale of a vehicle is effective to transfer ownership even if the seller fails to properly assign the certificate of title to the buyer.

Plaintiffs disagree, asserting that North Carolina law controls the ownership question because this State adheres to the traditional choice of law rule that substantive rights and obligations arising out of a tort action are to be determined by the law of the situs of the claim. *See Boudreau v. Baughman*, 322 N.C. 331, 368 S.E.2d 849 (1988). Plaintiffs argue that the alleged sale was ineffective to transfer ownership under North Carolina law because the certificate of title was not properly assigned to the dealer. *See* N.C. Gen. Stat. Sec. 20-72(b) (1983); *see also Jenkins v. Aetna Cas. & Sur. Co.*, 324 N.C. 394, 378 S.E.2d 773 (1989).

Both parties' contentions are flawed. Section 20-72 applies only to vehicles registered under the provisions of the *North Carolina* Motor Vehicle Act; here, the Buick was registered under *Georgia's* Certificate of Title Act. More importantly, "[c]hoice of law is a separate inquiry from personal jurisdiction and the two should not be confused." *Terry v. Pullman Trailmobile*, 92 N.C. App. 687, 694, 376 S.E.2d 47, 51 (1989) (emphasis added). The relevant inquiry in a challenge to a forum state's exercise of personal jurisdiction is whether the nonresident defendant had sufficient minimum contacts with the state so as not to offend " 'traditional notions of fair play and substantial justice.' " *Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 678, 231 S.E.2d 629, 632 (1977) (citations omitted). Winn's only contact with this State is through his alleged ownership of a vehicle involved in an accident here.

In our view, it would be manifestly unjust, if not absurd, to require a nonresident, who must comply with his own state's requirements for title transfer, to comply with the requirements of all other states to which a subsequent purchaser might someday take the vehicle—or face being subject to jurisdiction there. Thus, we believe that in deciding the threshold jurisdiction question, due process considerations require Winn's *status as owner* to be examined under the law of Georgia, the state governing his title to and registration of the Buick.

B

[2] Georgia's Certificate of Title Act defines an "owner" as "a person, other than a lienholder or a security interest holder, having . . . title to a vehicle." Ga. Code Ann. Sec. 40-1-1(34) (Supp. 1988). Section 40-3-31(d) of the Act provides:

> Except . . . as between the parties, *a transfer by an owner is not effective* until this Code section and Code Section 40-3-32 [concerning transfers to or from a dealer] have been complied with; and no purchaser or transferee shall acquire any right, title, or interest in and to a vehicle purchased by him unless and *until . . . the certificate of title thereto [is] duly transferred* in accordance with this Code section.

Ga. Code Ann. Sec. 40-3-31(d) (Supp. 1988) (emphasis added).

The certificate of title to the Buick was not transferred in accord with the terms of the Act: Winn failed to complete the assignment and warranty of title to the employer-dealership on the certificate of title, *see* Ga. Code Ann. Sec. 40-3-31(a), and the dealership likewise failed to complete the assignment and warranty of title to H & L on the same certificate. *See* Ga. Code Ann. Sec. 40-3-32(a) (Supp. 1988). Winn is still listed on the certificate as the registered owner, and under Georgia law, the certificate is prima facie evidence of the facts appearing on it. Ga. Code Ann. Sec. 40-3-25(c) (1985).

Although our reading of the Georgia statutes yields the conclusion that ownership of the Buick did not pass to the dealership or to H & L since the certificate of title was not properly assigned, it appears that Georgia courts interpreting the same statutes would reach a different conclusion. *See, e.g., American Mut. Fire Ins. Co. v. Cotton States Mut. Ins. Co.*, 149 Ga. App. 280, 253 S.E.2d 825 (1979); *Mote v. Mote*, 134 Ga. App. 668, 215 S.E.2d 487 (1975) (holding that ownership of vehicle later involved in accident passed to buyer even though assignment of title not completed). Thus, Winn's evidence regarding the sale of the Buick, *if believed*, may have been sufficient to establish that he was not the owner under Georgia law, thereby rebutting the Section 20-71.1 presumption of control and responsibility and rendering the exercise of personal jurisdiction unwarranted. *See DeArmon*, 312 N.C. at 753, 325 S.E.2d at 226. However, the inquiry does not end here since the trial judge was not required to believe Winn's rebuttal evidence. *See id.* at 756, 325 S.E.2d at 229.

C

As the party moving for summary judgment, Winn bore the burden of establishing that no genuine issue as to any material fact remained for trial. *See Kidd v. Early*, 289 N.C. 343, 366, 222

HARGETT v. REED

[95 N.C. App. 292 (1989)]

S.E.2d 392, 408 (1976); N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 56 (1983). Once a motion for summary judgment is supported by proof, the burden then shifts to the nonmoving party to defend his position by offering his own evidence showing that there is a genuine issue for trial. *See id.* at 365, 222 S.E.2d at 408; R. Civ. P. 56(e). If the nonmoving party does not respond, summary judgment ordinarily may be entered against him. *See* R. Civ. P. 56(e). "However, not every failure of the opposing party to respond will require the entry of summary judgment." *Kidd*, 289 N.C. at 366, 222 S.E.2d at 408. Indeed, if the movant's own evidence raises questions of credibility or otherwise shows that he is not entitled to summary judgment, the court is free to deny the motion. *See id.* at 370, 222 S.E.2d at 410.

Winn contends that the affidavit offered by the plaintiffs was incompetent to establish a genuine issue of material fact. Winn asserts that the trooper's statement that the Buick was registered in Winn's name was based on hearsay information obtained at the scene, rather than from the trooper's personal knowledge, and, as such, could not be considered by the trial court in ruling on the motion for summary judgment. *See* R. Civ. P. 56(e); *Singleton v. Stewart*, 280 N.C. 460, 467, 186 S.E.2d 400, 405 (1972).

However, even though this evidence was incompetent, Winn's own evidence showed that the vehicle was registered in his name. The certificate of title listed Winn as the registered owner, and Winn has forecast no evidence that the car was registered in anyone else's name at the time of the accident. Thus, we conclude that the evidence before the trial judge was sufficient to show that the Buick was registered in Winn's name, thereby raising the presumption under Section 20-71.1 that he was the owner and was responsible for its operation. The remaining question, then, is whether Winn successfully rebutted the presumption of ownership and control.

Because the facts regarding ownership and control are peculiarly within the knowledge of the defendant in cases like this one, most courts require the evidence introduced to rebut the presumption arising from registration to be clear and convincing. *See* Annot., *Presumption and Prima Facie Case as to Ownership of Vehicle Causing Highway Accident*, 27 A.L.R.2d 167 (1953) (Supps. 1981 & 1989); Annot., *Overcoming Inference or Presumption of Driver's Agency for Owner, or Owner's Consent to Operation of Automobile*, 5 A.L.R.2d 196 (1949) (Supps. 1985 & 1989) and cases cited therein.

After carefully reviewing the materials before the trial judge, we cannot say that Winn's evidence clearly or convincingly established that he was no longer the owner of the Buick. Instead, in our view, the evidence presented regarding the sale of the Buick was inherently suspect.

The evidence adduced by Winn plainly shows that he failed to comply with the requirements set out in the Georgia Act for effective transfer of title. *See* Secs. 40-3-31(a), (d); 40-3-32(a). The certificate is signed in blank, and does not list the dealer as the transferee, even though the certificate itself states in capital letters printed in bold type that a $100 fine or 30 days' imprisonment will be imposed for acceptance or delivery of a certificate of title assigned in blank.

Moreover, the alleged sale by the dealer to H & L is not reflected in the appropriate space on the certificate. Under Georgia law, upon transfer to a subsequent purchaser, a dealer must execute the assignment and warranty on the same certificate of title assigned to it by the original owner, listing the name and address of the transferee on the certificate. Sec. 40-3-32(a). One would expect a dealer to be familiar with — and to comply with — title transfer requirements, particularly in light of the penalties for noncompliance, which includes fines, criminal and civil liability, and revocation of the dealer's license to sell motor vehicles. *See* Secs. 40-3-31(a) and 40-3-32(c).

Finally, the only direct evidence of the transaction between Winn and the dealership, and of the subsequent sale to H & L, is through the receipts typed on forms supplied by the dealership, Winn's employer. Winn failed to submit a completed certificate of title, presumably available from the Georgia Commissioner of Motor Vehicles, and gave no reason for his failure to do so.

A summary judgment motion should be denied when, as here, " 'the movant's supporting evidence is self contradictory or circumstantially suspicious or the credibility of a witness is inherently suspect . . . because he is interested in the outcome and the facts are peculiarly within his knowledge. . . .' " *Kidd*, 289 N.C. at 336, 222 S.E.2d at 408 (citation omitted). In ruling on Winn's challenge to the court's jurisdiction, the credibility of Winn's countervailing evidence was for the trial judge to determine. *See DeArmon*, 312 N.C. at 758, 325 S.E.2d at 229. Because that evidence was ques-

tionable, we hold that the judge did not err in denying Winn's motion for summary judgment.

Our holding should not be interpreted to mean that the evidence showed that Winn was the owner of the Buick and responsible for its operation. To the contrary, our inquiry was limited to determining whether North Carolina properly exercised jurisdiction over Winn based on the presumption arising from registration of the Buick in his name. Because Winn failed to rebut the presumption, we conclude that it was not error to assert jurisdiction over him. The issue of Winn's responsibility for Reed's operation of the car remains to be determined at trial, and, upon stronger evidence, may well be decided in his favor.

For the foregoing reasons, we affirm the order denying Winn's motion for summary judgment.

Affirmed.

Judges PARKER and ORR concur.