JIMMIE STACEY RIDDICK, PLAINTIFF v. MELVIN WOODROW MYERS, DEFENDANT

COA98-123

(Filed 29 December 1998)

**Jurisdiction— personal—Virginia plaintiff—North Carolina automobile accident**

The trial court correctly concluded that North Carolina courts lack personal jurisdiction over Myers where Riddick and Myers were involved in an automobile accident in North Carolina, a Virginia court awarded Myers a favorable judgment for property damages arising from the accident, Myers instituted another suit in Virginia for personal injuries and medical expenses, and Riddick brought this declaratory judgment action in North Carolina seeking a holding that North Carolina law controls disputes arising out of North Carolina accidents and that Myers is barred from maintaining a second action against Riddick, and Myers successfully moved to dismiss for lack of personal jurisdiction. Riddick has been adjudicated to be at fault by the Virginia court and North Carolina case law provides that N.C.G.S. § 1-105 is not available to obtain personal jurisdiction since Myers did not inflict the injury. Riddick is merely attempting to ask the court to declare that North Carolina law applies, an argument more properly made to the Virginia court which has personal jurisdiction over Myers.

Appeal by plaintiff from judgment entered 8 October 1997 by Judge James R. Vosburgh in Dare County Superior Court. Heard in the Court of Appeals 17 November 1998.

RIDDICK v. MYERS

[131 N.C. App. 871 (1998)]

*Harris, Shields, Creech and Ward, P.A., by R. Brittain Blackerby and C. David Creech, for plaintiff appellant.*

*No brief filed for appellee.*

HORTON, Judge.

On 17 March 1995, plaintiff Jimmie Stacey Riddick, a North Carolina resident, and defendant Melvin Woodrow Myers, a Virginia resident, were involved in a motor vehicle accident near Gatesville, North Carolina. A Virginia District Court awarded Myers a favorable judgment for property damages arising from the accident. Thereafter, Myers instituted another suit in Virginia on 3 July 1997 and asserted a claim against Riddick for personal injuries and medical expenses arising from the same accident.

On 27 May 1997, Riddick commenced the instant action in Gates County Superior Court seeking a declaratory judgment determining the rights of the parties, holding that North Carolina law controls disputes arising out of North Carolina accidents, and concluding that Myers is barred from maintaining a second cause of action against Riddick. In response to Riddick's declaratory judgment action in North Carolina, Myers filed a motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(2) (1990) based on lack of personal jurisdiction. The trial court granted the motion to dismiss. We conclude the trial court was correct.

N.C. Gen. Stat. § 1-75.4 (1996) provides, in part, that:

A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j), Rule 4(j1), or Rule 4(j3) of the Rules of Civil Procedure under any of the following circumstances:

\* \* \* \*

(3) Local Act or Omission.—In any action claiming injury to person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant.

N.C. Gen. Stat. § 1A-1, Rule 4 (1990) provides, in part, that:

(j) *Process—Manner of service to exercise personal jurisdiction.*—In any action commenced in a court of this State having jurisdiction of the subject matter and grounds for personal

jurisdiction as provided in G.S. 1-75.4, the manner of service of process within or without the State shall be as follows:

(1) Natural Person.—Except as provided in subsection (2) below, upon a natural person:

   a. By delivering a copy of the summons and of the complaint to him or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . .

In suits involving nonresident drivers of motor vehicles, service upon a nonresident driver may be accomplished by personal service pursuant to Rule 4(j) or by service upon the Commissioner of Motor Vehicles pursuant to N.C. Gen. Stat. § 1-105 (1996). In the instant case, the record reveals that plaintiff Riddick complied with the statutory requirements for service of process. A deputy sheriff in Chesapeake, Virginia, personally served Myers with a civil summons at his residence on 30 June 1997 for the action pending in Gates County, North Carolina.

However, the trial court was correct in ruling that North Carolina courts do not have personal jurisdiction over Myers. "The broad purpose of [N.C. Gen. Stat. § 1-105] is to enable an injured resident of this State to bring back to answer for his tort a *nonresident motorist who has inflicted injury* while using the State highways and by the time suit can be instituted would otherwise be beyond this jurisdiction." *Hart v. Queen City Coach Co.*, 241 N.C. 389, 391, 85 S.E.2d 319, 320 (1955) (emphasis added). Although N.C. Gen. Stat. § 1-105 enables a North Carolina resident to obtain personal jurisdiction over any nonresident involved in an automobile accident in this State by virtue of the operation of a vehicle in North Carolina, the purpose of the statute is to provide " '[j]urisdiction *over the driver who inflicted the injury* . . . .' " *Hargett v. Reed*, 95 N.C. App. 292, 296, 382 S.E.2d 791, 792 (1989) (emphasis added) (citation omitted).

In the instant case, we have the opposite scenario than the one contemplated in the statute. Here, North Carolina plaintiff Riddick has been adjudicated by the Virginia court to be the one at fault. North Carolina case law provides that, since nonresident Myers did not inflict the injury, N.C. Gen. Stat. § 1-105 is not available to obtain personal jurisdiction over him. *See Hart*, 241 N.C. at 391, 85 S.E.2d at 320; *Hargett*, 95 N.C. App. at 296, 382 S.E.2d at 792.

STATE ex rel. COMM'R OF INS. v. N.C. RATE BUREAU

[131 N.C. App. 874 (1998)]

Plaintiff Riddick is merely attempting to ask the trial court to declare that North Carolina law applies to this motor vehicle accident. However, Riddick can more properly make this same argument to the Virginia court, which has personal jurisdiction over Myers. Thus, the trial court was correct in concluding that North Carolina courts lack personal jurisdiction over Myers.

For the foregoing reasons, the decision of the trial court is

Affirmed.

Judges GREENE and LEWIS concur.